1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED MOTT,            ) | No. C 03-0864 MMC (PR) |
| ) | |
| Petitioner,       ) | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND JUNE 12, 2006 ORDER** |
| v.                       ) | |
| ) | |
| ARTHUR CALDERON, ) | |
| ) | |
| Respondent.     ) | |
| _____ ) | |

On February 27, 2003, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner thereafter was granted leave to amend the petition to add an additional claim for relief, for a total of twenty claims.  In an order dated June 12, 2006, the amended petition was denied on its merits, and judgment was entered against petitioner.  On September 19, 2006, petitioner filed a notice of appeal.  Attached to petitioner's notice of appeal is a motion titled "Motion to Amend the Findings and Statements of Fact, Pursuant to Rule 52(b)."

Rule 52(b) of the Federal Rules of Civil Procedure provides for a motion to amend the findings of the court.  In his motion, petitioner asserts that the June 12, 2006 Order ("Order") misstated the nature of two of his four prior convictions.  The Order listed petitioner's four prior convictions as follows: a 1986 rape conviction from Elkhart, Indiana, a 1986 sodomy conviction from Elkhart, Indiana, a 1973 rape conviction from Peoria, Illinois, and a 1968

1  attempted rape conviction from Chicago, Illinois.  These were the prior convictions set forth
2  in the original Information, in the opinion of the California Court of Appeal, and in
3  respondent's brief.  (See Clerk's Transcript ("CT") (Resp.'s Ex. B) at 352-59; Cal. Ct. App.
4  Opinion (Resp.'s Ex. C) at 12; Mem. P. & A. In Support of Answer at 2.)  In his motion,
5  however, petitioner asserts that the 1986 convictions from Elkhart, Indiana were in fact
6  convictions for rape and oral copulation, and that the 1973 conviction from Peoria, Illinois,
7  was in fact a conviction for attempted rape.  A review of the record indicates that the
8  Information subsequently was amended; the 1986 convictions from Elkhart, Indiana were
9  changed from rape and sodomy to rape and "Unlawful Sexual Deviant Conduct, to wit: oral
10 copulation while armed," and the 1973 Peoria, Illinois conviction was changed from rape to
11 "attempted rape."  (CT at 656-57.)  These prior convictions were conceded by petitioner at
12 trial and also were found true by the trial court.  (CT at 1375; Reporter's Transcript ("RT")
13 (Resp.'s Ex. A) at 2603-04.)  Consequently, it appears from the record that, contrary to the
14 opinion of the California Court of Appeal and respondent's brief, petitioner's 1986
15 convictions in Elkhart, Indiana were for rape and oral copulation, and not for rape and
16 sodomy, and that his 1973 conviction in Peoria, Illinois was for attempted rape and not rape.
17 Accordingly, the Order will be amended throughout to reflect the correct nature of
18 petitioner's prior convictions.
19      Further, based on a review of the record and the papers filed herein, the following
20 additional amendments requested by petitioner will be made to the Order:
21      1.   The phrase "human feces" on page 5, line 2 will be changed to "possible urine
22 and feces."  (RT at 1670.)
23      2.   The phrase "forcibly sodomized her" on page 7, line 13, will be changed to
24 "attempted to sodomize her."  (RT at 2414.)
25      Based on a review of the record and the papers filed herein, the Court finds the
26 remaining requested amendments in petitioner's motion are not warranted.
27      Finally, based on the Court's own review of the Order, the Court finds the first
28 reference to the year "1967"on page 6, line 3, should be changed to "1968," and such

additional amendment will be made.

Accordingly, petitioner's motion to amend the June 12, 2006 Order Denying Petition for a Writ of Habeas Corpus is GRANTED IN PART and DENIED IN PART; the June 12, 2006 Order Denying Petition for a Writ of Habeas Corpus will be AMENDED as provided herein and as set forth in the *Amended* Order Denying Petition for a Writ of Habeas Corpus filed concurrently herewith.

IT IS SO ORDERED.

DATED: November 22, 2006

_____
MAXINE M. CHESNEY
United States District Judge