IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED MOTT,<br><br>    Petitioner,<br><br> v.<br><br>ARTHUR CALDERON,<br><br>    Respondents.<br>_____ | No. C 03-0864 MMC (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL; DIRECTIONS TO CLERK**<br><br>**(Docket Nos. 71-74)** |

  On February 27, 2003, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner thereafter was granted leave to amend the petition to add an additional claim for relief, for a total of twenty claims. In an Order filed June 12, 2006 ("Order"), the amended petition was denied on its merits and judgment was entered against petitioner. On September 19, 2006, petitioner filed a notice of appeal, attached to which is a "Motion to Vacate Order and Judgment" pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, in support of which motion petitioner has submitted a "Memorandum of Points and Authorities in Opposition to District Court's Order and Judgment Denying Habeas Corpus Relief" and an "Objection and Challenge to the District Court's Harmless Error Analysis and Adjudication in the Instant Habeas Corpus Proceedings."

1   Rule 60(b) provides for reconsideration where one or more of the following is shown:
2   (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence
3   which by due diligence could not have been discovered before the court's decision; (3) fraud
4   by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any
5   other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d
6   1255, 1263 (9th Cir.1993).  Subparagraph (6), although broadly worded, requires a showing
7   that the grounds justifying relief are extraordinary.  See Twentieth Century - Fox Film Corp.
8   v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

9   Petitioner does not indicate the provision of Rule 60(b) under which reconsideration is
10  warranted.  Petitioner sets forth no new evidence; he identifies no mistake, inadvertence,
11  surprise or excusable neglect, nor does he allege any fraud by the adverse party or voiding of
12  the judgment.  Petitioner fails to provide any other reason justifying relief.  Instead, petitioner
13  argues that the Court has committed "plain error" in its interpretation of the law and its
14  application of the law to petitioner's claims.[1]  Motions for reconsideration are not a substitute
15  for appeal or a means of attacking some perceived error of the court.  Id.  In its Order
16  denying the petition, this Court has explained why petitioner's numerous claims do not
17  provide a basis for habeas relief.  To the extent petitioner wishes to pursue those claims
18  further, he must do so on appeal and not by a Rule 60(b) motion.

19  Accordingly, petitioner's Rule 60(b) motion is hereby DENIED.[2]

20  Also attached to the notice of appeal is a request for a certificate of appealability
21  pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b).  Petitioner
22  has not shown, however, "that reasonable jurists would find the district court's assessment of

---

[1] In his "Objection and Challenge to the District Court's Harmless Error Analysis and Adjudication," petitioner argues, *inter alia*, that the Court erred in denying the petition because "the District Court is a woman."

[2] In a separate order filed concurrently herewith, the Court has amended its June 12, 2006 Order to incorporate several changes proposed by petitioner in his separately-filed "Motion to Amend the Findings and Statements of Fact Pursuant to Rule 52(b)."  Such changes, however, do not in any way warrant reconsideration of the Court's decision under Rule 60(b).

2

the constitutional claims debatable or wrong." See Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

Accordingly, the request for a certificate of appealability is hereby DENIED. The Clerk shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit, from which petitioner may also seek a certificate of appealability. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

Petitioner's request for leave to proceed in forma pauperis on appeal is hereby GRANTED, and his request for a second extension of time in which to file the motions addressed above is GRANTED.

This order terminates Docket Nos. 71-74.

IT IS SO ORDERED.

DATED: November 22, 2006

_____
MAXINE M. CHESNEY
United States District Judge

3